IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NICHOLAS TALBOT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3122 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| STEVE HINCKER, STATE OF | ) | |
| NEBRASKA  and NEBRASKA | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the civil rights complaint filed by the pro se plaintiff, Nicholas Talbot.  The plaintiff has been committed to the Lincoln Regional Center under the Nebraska Mental Health Commitment Act.  He seeks damages for harassment by Steve Hincker, an employee of the Regional Center.

The Prison Litigation Reform Act ("PLRA") does not apply to persons in custody pursuant to the Mental Health Commitment Act.  The definition of "prisoner" in the PLRA does not include a person involuntarily committed for reasons of mental health.  See, e.g., Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001).  Therefore, the plaintiff had no obligation under the PLRA to exhaust administrative remedies before filing this lawsuit, and the plaintiff may proceed in forma pauperis ("IFP") without liability for the filing fee.

Under the federal civil rights laws, however, the plaintiff does need to specify whether he has sued Mr. Hincker in his individual or official capacity, or both capacities. When a complaint does not specify whether a defendants is sued in his or her "individual capacity," "official capacity," or both capacities, the law presumes that a government employee is sued *only* in an official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th  Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

The meaning of "official capacity" is as follows.  A suit against a public employee in his or her official capacity is actually a suit against the public employer.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Therefore, a claim against a State employee, in his or her official capacity, is in reality a claim against the State itself, as the entity that employs the officer.  See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

Also the Nebraska Department of Health and Human Services ("HHS"), an agency of the State, lacks the capacity to sue and be sued in its own name.  Instead, because it is simply a subordinate unit of state government, HHS is, in law, to be liberally construed as the State of Nebraska for purposes of this litigation.

1

Thus, presently, there is only one defendant in this case, the State of Nebraska. That is because HHS, as a State agency, and Hincker in his official capacity, are the legal equivalent of the State. If suing Hincker, in his official capacity *only*, is not the plaintiff's intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that Hincker is sued in his individual capacity or in both his individual and official capacities. If the plaintiff does amend his complaint to sue Hincker in his individual capacity or in both capacities, he shall request an additional summons form and Form USM-285. That is because government employees are served in different locations in their individual and official capacities.

I find that the plaintiff's complaint need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for service of process, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process on the plaintiff's behalf, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1.      Filing no. 2, the plaintiff's Motion to Proceed in Forma Pauperis is granted, and the plaintiff shall have no liability for the filing fee.

2.      That  as initial review of the complaint is now concluded, it is time for the plaintiff to obtain service of process.  Neb. Rev. Stat. § 25-510.02(1) states: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General.

a.      The Clerk of Court shall provide the plaintiff with ONE summons and ONE USM-285 form and a copy of this Order.  The plaintiff shall, as soon as possible, send the completed summons and 285 form back to the Clerk of Court.  Absent the completed forms, service of process cannot occur.

b.      For service of process on the State of Nebraska, HHS and Steve Hincker in his official capacity (all of which mean the State of Nebraska), one summons and one USM-285 form may be used – addressed to the Nebraska Attorney General's office at 2115 State Capitol, Lincoln, Nebraska 68509.

c.      Upon receipt of the completed forms, the Clerk of Court will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process.  The court will copy the complaint for the Marshal. The Marshal shall serve the documents without payment of costs or fees and may use certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the Marshal's discretion.

d.      Fed. R. Civ. P. 4(m) requires service of the complaint on a defendant within 120 days of opening the case.  Failure to obtain service of process on the defendant by that deadline may result in dismissal of this action without further notice.

e.     After a defendant enters an appearance, the plaintiff must serve on the defendant's counsel a copy of every future document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

f.     The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to each defendant's attorney.

g.     A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

h.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  The federal rules are available at any law library, and the local rules are available from the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

i.     The plaintiff shall keep the court informed as to any changes in the address where the plaintiff can be reached while this litigation is pending.  Failure to do so could result in dismissal.

DATED this 30th day of May, 2006.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

3