IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NICHOLAS TALBOT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3122 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| STEVE HINCKER, STATE OF NEBRASKA and NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Filing No. 10, the defendants' Motion to Dismiss. The plaintiff, Nicholas Talbot, has been committed to the Lincoln Regional Center ("LRC") under the Nebraska Mental Health Commitment Act. He seeks damages as compensation for harassment committed by Steve Hincker, an employee of the LRC.

As described in the complaint, Hincker demonstrated tactless and offensive conduct on three occasions, including humiliating the plaintiff in front of six other patients at the LRC by announcing that the plaintiff had no insight and directing the plaintiff to "go back to S-1" (a particular location within the LRC). Then Hincker followed the plaintiff to a location where the plaintiff was engaged in establishing a bank account. Hincker barged into the proceedings and demanded: "We need to talk," then reprimanded the plaintiff by saying: "You're in trouble." According to the plaintiff, Hincker has a propensity to embarrass the plaintiff and make him feel stupid.

While the plaintiff's allegations must be taken as true in the context of a motion to dismiss, and while the plaintiff depicts a disrespectful and ineffective State employee, nevertheless the plaintiff does not describe a violation of the Constitution or laws of the United States.

Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a confined person of a protected liberty interest or deny a confined person equal protection of the laws.  Accordingly, although at most, Mr. Hincker may have committed a tort, i.e., a civil wrong, of some kind under state law against the plaintiff, the acts described by the plaintiff do not amount to a violation of federal law.

This court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the court has dismissed the claim(s) over which the court has original jurisdiction.  Also, 28 U.S.C. § 1367(d) tolled the limitations period for any state law claims during the pendency of this federal lawsuit.  28 U.S.C. § 1367(d) states in pertinent part: "The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  The tolling provision of section 1367(d) provides "assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court."  Jinks v. Richland County, 538 U.S. 456, 464 (2003).

THEREFORE, IT IS ORDERED:

1.     That  Filing No. 10, the defendants' Motion to Dismiss, is granted; and

2.     That a separate judgment will be entered accordingly.  Fed. R. Civ. P. 58.

DATED this 31st day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge